■ In the Matter of ANTHONY V. GAZZARA, Respondent, v JOSEPH A. SURACI, Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of JOHN J. FEENEY et al., Respondents, v JOSEPH A. SURACI, Appellant, et al., Respondents. (Proceeding No. 2.) In the Matter of JOSEPH A. SURACI, Appellant, v JOHN J. FEENEY et al., Respondents, et al., Respondents. (Proceeding No. 3.) [601 NYS2d 865] —In Proceedings No. 1 and 2 to invalidate a petition designating Joseph A. Suraci as the Conservative Party and Republican Party candidates, respectively, for the public office of Judge of the Civil Court, Third Municipal District, and Proceeding No. 3 to validate the petition designating Joseph A. Suraci as the Republican Party candidate, the appeals are from two judgments of the Supreme Court, Queens County (Flug, J.), both dated August 10, 1993, which granted the applications to invalidate, and a third judgment of the same court, also dated August 10, 1993, which dismissed the proceeding to validate.

Ordered that the appeals from the judgments in Proceedings No. 1 and 2 are dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the appeal from the judgment in Proceeding No. 3 is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court *(see,* 22 NYCRR 670.10 [a] [1]).

In the absence of the transcript of the hearing held in these proceedings, the petitioner's contention that he had submitted an adequate number of valid signatures to warrant the equitable remedy of "opportunity to ballot" cannot be reviewed on appeal *(see, Matter of Reiter v Black,* 63 NY2d 689; *Matter of Taylor v McNab,* 40 NY2d 821; *Matter of Leirer v Canary,* 133 AD2d 196, 197). Bracken, J. P., Rosenblatt, Miller, Ritter and Copertino, JJ., concur.